11-78-ag
Saran v. Holder

BIA
A072 418 519

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

KAZI SARAN, a.k.a. KAZI TOFAIL ISLAM,
> *Petitioner,*

v.                                    11-78-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kazi Saran, a native and citizen of Bangladesh, seeks review of a December 9, 2010, order of the BIA denying his motion to reopen. *In re Kazi Saran, a.k.a. Kazi Tofail Islam*, No. A072 418 519 (B.I.A. Dec. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A person ordinarily may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the individual establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Saran failed to establish material changed country

2

conditions in Bangladesh sufficient to excuse the untimely filing of his motion to reopen. Although the BIA acknowledged a rise in Islamist influence and militancy, inasmuch as Saran failed to cite any evidence in the record to support his assertion that expatriates are at greater risk of attack by Islamist militants than any other individual in Bangladesh, the BIA reasonably concluded that any change was not material to his assertion that he would be persecuted based on his purported social group. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999); *see also* 8 C.F.R. § 1003.2(C)(3)(ii).

Saran also claims that he will be subjected to torture by government officials who are aware of and collude with militants. As the BIA found, the record does not demonstrate government acquiescence to activities of militants, and thus, the BIA reasonably found that Saran had failed to demonstrate *prima facie* eligibility for CAT relief. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk